MICHAEL L. CROWLEY (117008)
Attorney at Law
550 West "C" Street, Suite 1960
San Diego, CA 92101
(619) 444-8808

Attorney for Defendant

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Dana M. Sabraw)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JANEEN OCHOA (2), et al.,<br><br>Defendant. | Case Nos.: 08mj1064/08CR1193-DMS<br><br>NOTICE OF MOTIONS<br>AND MOTIONS FOR<br>1. DISCOVERY<br>2. CONFIDENTIAL INFORMANT DISCLOSURE, IF ANY<br>3. ATTORNEY VOIR DIRE<br>4 PRESERVATION OF EVIDENCE<br>5. REVIEW OF ALL PERSONNEL FILES<br>6. NOTICE OF INTENT TO USE EVIDENCE<br>7. FURTHER MOTIONS<br><br>DATE: May 23, 2008<br>TIME: 11:00 a.m.<br>PLACE: Courtroom of the Honorable Dana M. Sabraw |

**TO: KAREN P. HEWITT, UNITED STATES ATTORNEY AND ASSISTANT UNITED STATES ATTORNEY W. MARK CONOVER:**

**PLEASE TAKE NOTICE** that on Friday, May 23, 2008 at 11:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Dana M. Sabraw, United States District Court for the Southern District of California, Defendant JANEEN OCHOA, by and through her counsel Michael L. Crowley, Attorney at Law, will bring the following motions for:

1. DISCOVERY

2. CONFIDENTIAL INFORMANT DISCLOSURE, IF ANY

3. ATTORNEY VOIR DIRE

4. PRESERVATION OF EVIDENCE

5. REVIEW OF ALL PERSONNEL FILES

6. NOTICE OF INTENT TO USE EVIDENCE

7. FURTHER MOTIONS

The motion(s) are made pursuant to Rules 12, 14, 16 and 26.2 of the Federal Rules of Criminal Procedure; 18 U.S.C. sections 3500 and 3501; and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Consideration of this motion(s) are based on the files and records of the case, the attached memorandum of points and authorities, and any further materials which may be developed or presented at the evidentiary hearing on these motions.

## DISCOVERY

At the time of this filing the defense has received approximately 156 pages of discovery. This discovery notice is comprehensive because there is a tendency in cases of this type to produce only those documents contained in the files of the Assistant United States Attorney. This notice is intended to put the government's counsel on notice and serve as a partial guide in the effort to inquire of all proper agencies and governmental entities as required by *Kyles v. Whitley,* 514 U.S. 419, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995) such that the Assistant United States Attorneys makes sure all discovery material is properly produced.

The defendant requests this court not only to order the government to disclose, and in the case of tangible items, produce for inspection and copying, all evidence in its possession, custody or control which may be favorable to defendant, or which may be material to the issue of guilt or innocence, or could be impeaching material as to a witness, or which could lead to such material or favorable evidence, but also to make

the proper inquiries to ascertain the existence of such items. The following notice should be utilized, but not limiting in any way, the government's inquiry into production of the following items:

**DEFENDANT'S STATEMENTS**

REQUEST NO. 1

All documents and tangible objects, including, but not limited to, videotapes, recordings, transcripts, reports, or notes, relating or referring to, or constituting, containing, or reflecting:

(a) any statement by defendant, written, recorded, or oral, whenever and to whomever made; and,

(b) any statement by any defendant, any alleged co-conspirator, if any, or any other person, written, recorded, or oral, whenever and to whomever made, which the government intends to offer in evidence in the trial of this case, or which the government considers may constitute a statement in furtherance of the alleged conspiracy.

REQUEST NO. 2

With regard to all conversations or statements within the scope of Request No. 1, please state (a) the name and address of the person to whom such statement was made; (b) the name of the person making the statement; (c) the date on which the statement was made; (d) the location where the statement was made.

REQUEST NO. 3

The substance of any oral statement, which the government intends to offer in evidence at the trial, made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a government agent.

REQUEST NO. 4

All books, papers, documents, photographs, tangible objects, or copies or

portions thereof, which were obtained from the defendant, his or her agents, employees, accountants, or representatives, or belong to him.

**DEFENDANT'S PRIOR RECORD**

REQUEST NO. 5

All books, papers, documents, photographs, tangible objects, or copies or portions thereof, evidencing defendant's prior or pending criminal record, if any.

**EXAMINATIONS OR TESTING**

REQUEST NO. 6

All results or reports of physical or mental examinations, and of scientific tests or experiments or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the issue of guilt or innocence or are intended for use by the government as evidence in chief at the trial.

**INVESTIGATION MATERIALS**

REQUEST NO. 7

(a) All memoranda and other documents received by the United States Attorney for the Southern District of California or members of this staff, relating to this investigation and delivered by the Department of Justice, or any other member of the executive branch during this investigation;

(b) All memoranda and other documents written by the United States Attorney for the Southern District of California or members of his staff, relating to this investigation and delivered to the Department of Justice, or any other member of the executive branch, during this investigation;

(c) All documents, tangible objects and other information relating to the memoranda described in the preceding paragraph.

REQUEST NO. 8

The names and addresses of all person interviewed by any government attorneys, government agents, officials, employees, or informants, or by any state or local agency, in connection with this case, whether or not such interview was reduced to an interview report, whether the interview occurred before or after the indictment, and whether or not such persons are intended to be called as government witnesses. This request includes, but is not limited to, persons who can either give favorable information regarding the defendant, or who can testify to inconsistent statements made by government witnesses regarding the investigation in this case, or who can testify adversely to other governmental positions.

REQUEST NO. 9

Identify each government agent, official, employee, or informant who personally witnessed any meeting or listened to any telephone calls between the defendant and any government agent, official, employee, or informant during this investigation.

**WITNESSES**

REQUEST NO. 10

All documents, tangible objects, and other information relating or referring to, or constituting, containing, reflecting or suggesting any bias or hostility of any witness for the government concerning this investigation.

REQUEST NO. 11

The conviction record of all persons the government intends to call as witnesses at the time of trial, which convictions were punishable by death or imprisonment in excess of one year under the law under which the conviction was obtained, or which involved dishonesty or false statements, regardless of the punishment, within the meaning of Federal Rules of Evidence, Rule 609(a).

REQUEST NO. 12

All documents, tangible objects, or other information relating to the testimony of witnesses whom the government will call at trial, which documents, tangible objects, or information reflect materials that in any way contradict or are inconsistent with the anticipated trial testimony of the witnesses.

REQUEST NO. 13

Identify the dates, times, and locations of all prior testimony regarding the events of this case by any person the government intends to call as a witness at the time of trial.

REQUEST NO. 14

With regard to all non-governmental witnesses, provide the date, time, and place of all prior testimony given in any federal or state proceeding regarding this or any other case, and provide copies of transcripts of all such testimony.

REQUEST NO. 15

Copies of all documents containing allegations of fraud, deceit, perjury, or lack of candor concerning any person the government intends to call as a witness.

REQUEST NO. 16

(a) All evidence, documents, tangible objects, and other information exculpatory of the defendants, or favorable to them or which could reasonably weaken or overcome testimony adverse to the defendant(s) given by any person, which were submitted to the grand jury for its consideration prior to the return of the indictment in this case;

(b) A list of the names of all witnesses appearing before the grand jury in connection with its investigation of the present case; and

(c) The names of all persons designated or sworn as grand jury agents or to whom grand jury material has been disclosed pursuant to the provisions of Rule 6 of the Federal Rules of Criminal Procedure.

**GOVERNMENTAL MATERIALS**

REQUEST NO. 17

All documents, tangible objects, and other information relating or referring to, or constituting, containing, or reflecting any statement made by any official, agent, employee, or informant of the government to any person not employed by the government regarding this investigation.

REQUEST NO. 18

All documents, tangible objects, or other information, including memoranda, opinion, decisions, reports, correspondence, letters, interpretations, advice, guidance, guidelines, policy statements, standards, regulations, rules, procedures, directives, instructions, recommendations, and manuals, referring or relating to, or constituting, containing, or reflecting:

(a)  The investigation or enforcement of those federal laws which defendant, any alleged co-defendant(s) and/or any material witnesses are accused of violating;

(b) Compliance by officials, agents, and employees of any governmental agency, with such memoranda, opinions, decisions, reports, correspondence, letters, interpretations, advice, guidance, guidelines, policy statements, standards, regulations, rules, procedures, directives, instructions, recommendations, and manuals;

(c)  The recording of conversations or interception of wire or oral communications involving undercover agents or informants;

(d)  The conduct of investigations involving the use of videotapes or other aural or visual recordings, the interception of wire or oral communication, the use of any electronic, mechanical, or other device for the acquisition of the contents of any wire or oral communications, or the use of other forms of surveillance;

(e)  The inducement or entrapment of persons during the conduct of investigations, including but not limited to the duties or obligations of compliance with federal and state law of officials, agents, employees, and informants of any

governmental agency and private citizens assisting any governmental agency during the conduct of investigations.

REQUEST NO. 19

(a) All notes, transcriptions, or recordings, of any interview or any statement of any person made by a government attorney or by any other agent, official, employee, or informant of the government, or by any state of local agency in connection with the investigation of the present case or relating to the offenses charges, whether before or after the return of the indictment, and state whether such items were reduced to an interview report.

(b) All statements, interviews, and reports of any person, written or oral, made to any government attorney or by any other agent, official, employee, or informant of the government, or by the any state or local agency, in connection with the investigation of the present case or relating to the offenses charge, whether before or after the return of the indictment.

REQUEST NO. 20

All documents, tangible objects, or other information, including memoranda, opinion, decisions, reports, correspondence, letters, interpretations, advice, guidance, guidelines, policy statements, standards, regulations, rules, procedures, directives, instructions, recommendations, and manuals, referring or relating to, or constituting, containing, or reflecting:

(a) The manual or guidelines of any federal agency referring or relating to any laws which the defendant and alleged co-conspirators, if any, are accused of violating;

(b) The investigation or enforcement of those federal laws which the defendant and alleged co-conspirators, if any, are accused of violating;

(c) Compliance by officials, agents, and employees of any federal agency, with such memoranda, opinions, decisions, reports, correspondence, letters, interpretations,

advice, guidance, guidelines, policy statements, standards, regulations, rules, procedures, directives, instructions, recommendations, and manuals;

    (d)  The conduct of investigations involving the use of undercover agents, if any.

REQUEST NO. 21

    (a)  All documents, tangible objects, and other information, including, but not limited to, minutes, transcripts, notes, summaries, reports, memoranda, records, and recordings of the meetings, actions, and decisions of any review committee relating or referring to this investigation;

    (b)  All documents, tangible objects, other information relating or referring to:

        (i)  the financing of this investigation;

        (ii)  the auditing of or accounting for government funds used in connection with or in the course of this investigation.

REQUEST NO. 22

    All authorizations to conduct the undercover operation, if any, in this case regarding any or all of the defendants, including all requests therefor and exhibits thereto, and all subsequent applications concerning the conduct of such undercover operation.

REQUEST NO. 23

    All authorizations to tape, if any, either by video or audio, the defendant together with all applications and exhibits thereto, and including all subsequent authorizations for such taping.

REQUEST NO. 24

    All receipts for room rentals, taping expenses, automobiles, meals, or other expenses incurred by the federal government or any state agency in the investigation of this case, if any. This request includes, but is not limited to, expenses incurred by any informant, agent, official, or employee of the federal or any state or local agency,

involved in this investigation.

**UNDERCOVER AGENTS AND INFORMANTS, IF ANY**

REQUEST NO. 25

Identify each government agent, official, employee, or informant who personally witnessed any meeting or listened to any telephone calls between the defendant and any government agent, official, employee, or informant during this investigation.

REQUEST NO. 26

Identify the names and locations of all informants or other non-governmental persons supplying information to the government concerning the defendant or any other alleged co-conspirator in this case, indicted or not.

REQUEST NO. 27

Any promises or representations made by, or with the knowledge of the government, to any person the government intends to call as a witness at the time of trial, including, but not limited to, promises of no prosecution, immunity, lesser sentence of leniency.

REQUEST NO. 28

Regarding any informant in the case, if applicable, provide all of the following;

(a) All testimony given by the informant to any federal grand jury, concerning this case, or any other case in which an indictment has been returned or denied by any federal grand jury;

(b) A copy of the conviction record of the informant, including any prior convictions within the meaning of Federal Rules of Evidence Rule 609(a); all charges which were anticipated to be brought against the informant at or about the time of their cooperation with federal authorities; and all offenses committed by the informant of which they were suspected, and which were known to any of the state of federal authorities involved in the investigation of this case;

  (c)  Any promises or representations made to the informant, including, but not limited to, promises of no prosecution, immunity, lesser sentence, or leniency by the member of any federal agency, any agency of the State of California or any other State of the Union; and including all such promises whether or not made to the informant or to some third party on their behalf;

  (d)  Any threats or statements made to the informant to compel, encourage, or coerce his/her participation and testimony including, but not limited to, any statements by any federal or state authorities of their dissatisfaction with the informant in this or any previous case in which he was a cooperating witness, or a potential or actual defendant;

  (e)  A statement of all monies or promises or monies given or made to the informant by representatives of the federal government, or any state agency, as a result of, or as an inducement for, his/her cooperation in this or any other case including, but not limited to, his/her acting as an informant or in an undercover capacity on behalf of the government;

  (f)  A list of cases and investigations in which the informant acted as a cooperating individual, either as an informant, or in an undercover capacity, together with location and identify of any criminal filing resulting from that cooperation;

  (g)  Copies of all sworn testimony given by the informant in any forum whatsoever, including, but not limited to, any appearances before federal grand juries, or in the United States District Courts.

  (h)  Copies of all statements, whether sworn or unsworn, made by the informant and which are in the possession of the government, including, but not limited to, any statements containing admissions of illegal acts by the informant for which he was granted immunity, or for which he has not been prosecuted;

  (i)  Copies of any documents, transcripts, motions, or other materials, evidencing

the informant's unreliability including any claims of illegality, misstatement, or unreliability of informants and/or unindicted co-conspirators made by defendants or attorneys in other cases or by any agents, or any law enforcement agencies who have worked with informants and/or unindicted co-conspirators; or by an attorney representing the government who has worked with the informant;

(j)  Evidence of the informant's assets and net worth;

(k)  Evidence of the informant's residence and location for the last ten years including evidence of his/her employment, sources of income, and income for that period;

(l)  Copies or statements of any instructions provided to the informant regarding hisr/her performance of duties as an undercover agent or as informants, which statements were made to him by federal law enforcement officer, any federal attorney, or any agent of any state law enforcement agency;

(m)  Copies of all logs of all meetings between the informant and any agent involved in the investigation of this case;

(n)  Copies of logs of all meetings with the informant and any agents, whether state or federal, involving investigation in any other cases in which the informant and/or was a cooperating individual or informant;

(o)  A list of the identify and addresses all government employees or agents who met with the informant with regard to the investigation of this matter, and of the dates and locations of such meetings, whether in person, or otherwise;

(p)  All documents, logs, or memoranda indicating any contact or connection between the informants and the defendant;

(q)  Copies of any written authorization from the Federal Probation Department to the informant to act as an undercover operative in this case, or in any other criminal investigation;

(r)  A copy of any probation report prepared for the informant with regard to his/her conviction in the United States District Court or any other court;

(s)  Copies of the personal telephone toll records of the informant for each residence or location occupied by him or her during the periods covered by the indictment.

(t)  Copies of the informant's personal bank records maintained during the periods covered by the indictment until the present time.

(u)  Copies of all Internal Revenue Service, State of California, or any other state income tax records or returns of the informant during the periods covered by the indictment until the present time.

(v)  The circumstances of and the results of any polygraph examination performed of the informant which the government has knowledge of, has ordered, or to which it has consented;

(w)  Any informant file maintained on informants and/or co-conspirators by the Federal Bureau of Investigation; Drug Enforcement Administration; or any other law enforcement agency.

Including, but not limited to:

1. the agreement to cooperate with the government (DEA Form 473);
2. the debriefing report or outline of what type of cases the informant was intended to produce;
3. an itemization of the amount of money paid for information and expenses. *The DEA Agent Manual* Ch. 661 §6612.43(7) states, the agent "should be prepared to give reasons why it is necessary to use (paid) cooperating individuals in this unusual manner during testimony."
4. what benefits were received by the informant other than the money;

5. any internal memorandum prepared by the control agent documenting any misconduct or deactivation of the informant e.g. whether he/she was ever "blacklisted."
6. sign-in and sign-out sheets regarding the informant file (*DEA Agent Manual* Ch. 661 §6612.24);
7. receipts for payments made to the informant (DEA Form 356);
8. the establishment report (DEA Form 512);
9. complete "rap sheets" from the National Crime Information Center (NCIC) computer, the Computerized Criminal History (CCH); the Interstate Identification Index (III); the Narcotic and Dangerous Drug Information System (NADDIS); INTERPOL and any information gained from the DEA Form 105 (*DEA Agent Manual* Ch. 661 §6612.26);
10. any records of the informant's enrollment in the U.S. Marshal's Witness Security Program;
11. any records, reports or agreements to provide payments to the informant on a contingency basis;

REQUEST NO. 29

All documents, tangible objects, and other information relating or referring to, or constituting, containing, or reflecting any statement made by any official, agent, employee, or informant of the government to any person not employed by the government regarding this investigation, the defendant, any alleged co-conspirators, or any other person involved in this investigation.

**FRE 404(b) MATERIAL:**

REQUEST NO. 30

All documents, tangible objects, and other information relating or referring to, or

14

constituting, containing, or reflecting the offering of evidence pursuant to Federal Rule of Evidence 404(b).

**EXPERT WITNESSES**

REQUEST NO. 31

All documents, tangible objects, and other information relating or referring to, or constituting, containing, or evidencing the government's intended use of any expert witness at trial along with any documentation relied upon by such expert, any drafted reports, prior testimony by the expert, and any other statements or testimony made by the expert in the past.

REQUEST NO. 32

A written summary of any testimony the government intends to use in its case-in-chief at trial which includes the witness's opinions, the bases and reasons for those opinions and the witness's qualifications pursuant to Rule 16.

REQUEST NO. 33

All documents, tangible objects, and other information relating or referring to, or constituting, containing, or reflecting any contact by any government agency with any foreign nation in relation to the seizure involved in this case.

These requests are continuing in nature in accordance with Rule 16(c) of the Federal Rules of Criminal procedure. Defendant requests that the above materials be made available to use within two weeks after the hearing on this motion in order to allow adequate time for their review and to seek further discovery or to file such pretrial motions as may be appropriate.

DATED:  May 9, 2008

    /s/ Michael L. Crowley
Michael L. Crowley, Esq.
Attorney for Defendant #2
JANEEN OCHOA

C:\WP\CRIM\FEDERAL\Ochoa, Janeen - 1st NTM.wpd