1  MICHAEL L. CROWLEY (117008)
   Attorney at Law
2  550 West "C" Street, Suite 1960
   San Diego, CA 92101
3  (619) 444-8808

4  Attorney for Defendant

5

# UNITED STATES DISTRICT COURT

6

## SOUTHERN DISTRICT OF CALIFORNIA

7  (Honorable Dana M. Sabraw)

8

9  UNITED STATES OF AMERICA,                    )
                                                )  Case Nos.: 08mj1064/08CR1193-DMS
10              Plaintiff,                       )
                                                )  POINTS AND AUTHORITIES
11                                              )  IN SUPPORT OF MOTIONS FOR
                                                )  1. DISCOVERY
                                                )  2. CONFIDENTIAL INFORMANT
12  v.                                          )  DISCLOSURE, IF ANY
                                                )  3. ATTORNEY VOIR DIRE
13                                              )  4 PRESERVATION OF EVIDENCE
                                                )  5. REVIEW OF ALL PERSONNEL
14                                              )  FILES
                                                )  6. NOTICE OF INTENT TO USE
15  JANEEN OCHOA (2), et al.,                   )  EVIDENCE
                                                )  7. FURTHER MOTIONS
16              Defendant.                       )
                                                )  DATE: May 23, 2008
17                                              )  TIME: 11:00 a.m.
                                                )  PLACE: Courtroom of the Honorable
18                                              )         Dana M. Sabraw
                                                )
19  _____ )

20                          **FACTUAL STATEMENT**

21         The following factual statement is based on information contained in the

22  complaint, indictment and discovery, if any, received to date. Other than indicated,

23  defendant does not accept or adopt any part of the statement which may be subject to

24  contradiction, enlargement or retraction through evidentiary findings at hearings and

    trial.

25

26         The indictment alleges a violation of 8 USC 1324(a)(2)(B)(iii) based on the

27  finding of a person believed to be lacking in the right to enter the United States.

28  Defendant JANEEN OCHOA was a passenger in the vehicle stopped at the boarder.

1  The driver of the vehicle admitted knowledge of the person secreted in the car but

2  stated Ms. OCHOA knew nothing about his scheme.

3  **I.    DISCOVERY**

4          The government must disclose the information requested in this motion for

5  discovery under the obligations of Federal Rule of Criminal Procedure 16 and *Brady v.*

6  *Maryland*, 373 U.S. 83 , 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). Moreover, a

7  defendant's entitlement to due process of law, guaranteed by the Fifth Amendment to

8  the United States Constitution, as well as the Sixth Amendment right to effective

9  assistance counsel, impose additional requirements on the Court and prosecution to

10  ensure the production of fair discovery.

11          All of the requests are for items within the possession, custody, or control of

12  either state or the federal government. This, of course, includes attorneys for the

13  government, agents of the Federal Bureau of Investigation, the Drug Enforcement

14  Administration, the U.S. Customs, the Immigration and Naturalization Service and in

15  potentially other government agents, officials, employees, or informants participating in

16  the investigation or prosecution of the matters involved in this case whether under state

17  or federal authority.  It has been held repeatedly that the government's discovery

18  obligations extend to materials in the possession, custody or control of all its agencies

19  and agents.  *See, e.g. United States v. Beasley*, 576 F.2d 625, 632 (5th Cir. 1978);

20  *United States v. Bryant*, 439 F.2d 642, 650 (D.C. Cir. 1971); *United States v. James*,

21  495 F.2d 434, 436 (5th Cir. 1974); *United States v. Deutsch*, 475 F.2d 55, 57 (5th Cir.

22  1973).

23          This proposition was further reiterated in the United States Supreme Court case

24  of *Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 131 L. Ed. 2d 490 (1995) in which

25  the court stated:

26                  "[T]he prosecution, which alone can know what is

27

28                                                   2

undisclosed, which alone can know what is undisclosed,

must be assigned the consequent responsibility to gauge the

likely net effect of all such evidence and make disclosure

when the point of "reasonable probability" is reached. This in

turn means that the individual prosecutor has a duty to learn

of any favorable evidence known to the others acting on the

government's behalf in the case, including the police. But

whether the prosecutor succeeds or fails in meeting this

obligation (whether, that is, a failure to disclose is in good

faith or bad faith, see *Brady*, 373 U.S. at 87), the

prosecution's responsibility for failing to disclose known,

favorable evidence rising to a material level of importance is

inescapable."

*Id.* 115 S.Ct. at 1567.

## II.    THIS COURT SHOULD REVEAL THE IDENTITY OF THE CONFIDENTIAL INFORMANT

If an informant was involved in the investigation, the following motion is relevant. Informant's testimony which may be "relevant and helpful to the defense of an accused" requires the government to disclose the identity. *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957).  Under *Roviaro*, there is no fixed rule with respect to disclosure of a confidential informant, although four considerations are relevant:  (1) the crime charged; (2) the possible offenses; (3) the possible significance of the informant's testimony; and (4) other relevant factors. *Id.* at 62-64. In a case such as this, the testimony of the informants is vital to the defense.

Even if the informant or informants may not be called to testify for the government, the defense may call him. *See United States v. Montgomery*, 998 F.2d 1468 (9th Cir. 1992); *Lopez-Hernandez v. United States*, 394 F.2d 820 (9th Cir. 1968);

3

1  *Velarde-Villarreal v. United States*, 354 F.2d 9 (9th Cir. 1965).

2      In this case the confidential informant or source was apparently a percipient

3  witness to the drug transactions and therefore, has a great deal of information which

4  could be valuable to the defense.

5  **III.    ATTORNEY CONDUCTED VOIR DIRE SHOULD BE ALLOWED**

6      Trial by jury lies at the very core of our democratic institutions. The Sixth

7  Amendment to the United States Constitution guarantees the right of an accused to a

8  trial before an "impartial" jury. One of the avenues chosen to ensure the selection of a

9  fair and impartial jury is our system of juror challenges. The right to challenges for

10  cause and peremptory challenges is firmly embedded in our federal system and that of

11  each of the 50 states. *See Swain v. Alabama*, 380 U.S. 202 (1964).

12      The use of challenges enables us to deal with the fact that all prospective jurors

13  walk into a criminal courtroom with opinions and biases based on a lifetime of

14  experiences and many of these biases unduly influence the individual's judgments in

15  considering a case. Hence, it is important that we preserve our mechanism of

16  ascertaining such biases through the process voir dire and of challenging those

17  prospective jurors who hold biases and opinions which are likely to influence their

18  judgments unfairly.

19      A right to challenge prospective jurors, however, is worthless unless the

20  challenges have meaning. As stated in *United States v. Ledee*, 549 F.2d 990 (1977):

21          Peremptory challenges are worthless if  trial counsel is

22          not afforded an opportunity to gain the necessary information

23          upon which to base such strikes.

24          Challenges can only have meaning if the attorneys

25          have information which enables them to discern differences

26          among the prospective jurors.

27

28                       4

As stated in *United States v. Harris*, 542 F.2d 1283, 1294 (7th Cir. 1976), *cert. denied*, 430 U.S. 934, 51 L.Ed 2d 777 (1976):

> The defendants must be permitted sufficient inquiry into the
> backgrounds and attitudes of prospective jurors to enable
> them to exercise intelligently their peremptory challenges.

Allowing counsel to conduct their own limited voir dire enables these challenges to be exercised more intelligently and guarantees the right of fairer jury selection. *See*, *Art Press v. Western Printing Machinery Co.*, 791 F.2d 6l6 (7th Cir. 1986).

## IV.    PRESERVATION OF EVIDENCE

Pursuant to 18 U.S.C. section 3500, the defendant has a right to government witnesses' statements to use in cross-examination. The rough notes of the agents (both state and federal) should be turned over at this time to avoid delay at the time of trial. Absent a ruling to that effect or a stipulation from the government, defendant requests that all rough notes by all agents (state or federal) be preserved such that timely disclosure can be made.

The destructions of such notes, the government should be warned, could lead to sanctions which could include a striking of the testimony of witnesses about whom such notes pertain or dismissal of the indictment. *United States v. Harris*, 542 F.2d 1094 (9th Cir. 1976); *United Stats v. Johnson*, 521 F.2d 1318 (9th Cir. 1975); *United States v. Well*, 572 F.2d 1383 (9th Cir. 1978).

## V.    ALL PERSONNEL FILES SHOULD BE REVIEWED BY THE AUSA OR PROPER ASSURANCES OF REVIEW PROVIDED.

The Ninth Circuit has ruled that the request for discovery and the *in camera* procedure is appropriate for the review of personnel files by the court in order to ascertain whether impeachable material is contained in the files. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). There is no necessity that the defense make an initial showing of materiality but merely make the demand for the documents.

1    Should this court find that there is no necessity for the Asst. U.S. Attorney to

2    review the files personally, then there should be assurances that the review was

3    properly conducted and the defense should be allowed input as to what materials

4    should be searched for pursuant to *Henthorn.*

5    **VI.    NOTICE OF INTENT TO USE EVIDENCE**

6    Rule 12(d) of the Federal Rules of Criminal Procedure allows the defense to

7    request and absent good cause requires the court to order a list of the evidence to be

8    used by the government in its case in chief at trial.  The purpose of the rule is to avoid

9    needless motions by the defense to suppress evidence that is not going to be used at

10   trial.

11   The rule places a burden on the government to review its case and let the

12   defendant know what evidence the government is going to use.  In this way, the rule

13   seeks to "eliminate from the trial disputes over police conduct not immediately relevant

14   to the question of guilt." *Jones v. United States*, 362 U.S. 257, 264 (1960).

15   Defendant respectfully requests this court require the government to produce

16   such a list of its intended evidence.

17   **VII.    FURTHER MOTIONS**

18   As pointed out in the notice of motion, there is additional discovery to be

19   produced by the government which will likely lead to the necessity for additional

20   motions.

21   **CONCLUSION**

22   Defendant respectfully requests that the above-enumerated motions be granted

23   for the reasons stated.

24   DATE: May 9, 2008              /s/ Michael L. Crowley
                                    Michael L. Crowley, Esq.
25                                  Attorney for Defendant #2
                                    JANEEN OCHOA
26

C:\W P\CRIM\FEDERAL\Ochoa, Janeen - 1st P & A.wpd

27

28                                       6