|   |   |
|---|---|
| 1 | KAREN P. HEWITT |
|   | United States Attorney |
| 2 | CAROLINE P. HAN |
|   | Assistant U.S. Attorney |
| 3 | California State Bar No. 250301 |
|   | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
|   | San Diego, California 92101-8893 |
| 5 | Phone: (619) 557-5220 |
|   | Fax: (619) 235-2757 |
| 6 | E-mail: caroline.han@usdoj.gov |
| 7 | Attorneys for Plaintiff |
|   | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1193-DMS |
|---|---|---|
| Plaintiff, | ) | **RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS:** |
| v. | ) | |
| | ) | **(1) TO COMPEL SPECIFIC DISCOVERY** |
| RICARDO PALMER (1), | ) | |
| JANEEN OCHOA (2), | ) | |
| ANNABELLA MORAIRA (3) | ) | **(2) FOR LEAVE TO FILE FURTHER MOTIONS** |
| Defendant. | ) | |
| | ) | Date: May 23, 2008 |
| | ) | Time: 11:00 a.m. |
| | ) | Court: The Hon. Dana M. Sabraw |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline P. Han, and hereby files its Response and Opposition to Defendants' Motions to Compel Specific Discovery, Defendants' Ochoa and Moraira Motion for Confidential Informant Disclosure, Attorney Voir Dire, and For Leave to File Further Motions. This Response and Opposition is based upon the files and records of this case, together with the attached Statement of Facts, Memorandum of Points and Authorities, as well as the Government's Motion for Reciprocal Discovery.

//

**I**

**STATEMENT OF FACTS**

On April 4, 2008, defendant Robert Palmer attempted to enter the United States as the driver of a black 1989 Mercedes 300 SEL vehicle with California license plate XXXXI. Defendants Janeen Ochoa and Annabelle Moraira were passengers in the vehicle. Defendant Palmer provided identification for himself and his co-defendants in the form of California identification cards, and represented that they were all U.S. Citizens. In addition, defendant Palmer also provided a negative customs declaration to the Customs and Border Protection (CBP) Inspector during primary inspection. Defendant Palmer stated that he and his passengers had been eating tacos in Tijuana. He also stated that he was going to San Diego, and that his friend owned the car. He further stated that he was driving the car because his own car needed repair. The defendant and the vehicle were all referred to secondary inspection based upon a computer generated referral. Defendant Palmer again provided a second negative customs declaration.

During secondary inspection, CBP inspectors smelled a strong odor of gasoline in the vehicle. After further inspection, they found one female alien, later identified as material witness Ana Vega-Juarez, concealed in a non-factory compartment behind the rear seat of the vehicle. The compartment had been built in the space that would have accommodated the vehicle's gas tank and an alternate fuel source had been created in the vehicle. The material witness could not extricate herself from the vehicle, and CBP inspectors helped her get out of the car. Thereafter, the defendant, his co-defendants, and the material witness were all taken into custody.

Defendant Palmer was advised of his <u>Miranda</u> rights and he agreed to waive those rights. The defendant stated that while he was eating in Mexico, a man had approached him and offered him $1,200.00 to drive a car to a location in San Diego. However, the defendant denied knowledge that the material witness was concealed within the vehicle. He also admitted to having been previously arrested on February 28, 2008 alien smuggling when he was apprehended driving a vehicle in which there were eleven illegal aliens who were concealing themselves in the back of the vehicle.

1        Defendant Ochoa was advised of her Miranda rights and she agreed to waive those rights.
2   She stated that she and defendant Moraira had taken the trolley from Fashion Valley to Tijuana
3   where defendant Palmer, her boyfriend, picked them up in the black Mercedes. The three then
4   went to a taco shop to eat during which defendant Palmer left for a period of time to get change
5   to pay for dinner. She further stated that she did smell the gasoline in the vehicle, and that she
6   asked defendant Palmer about the ownership of the vehicle and he responded that the vehicle
7   belonged to his friend. Lastly, she stated that she had purchased the trolley tickets for the three of
8   them.
9        Defendant Moraira was also advised of her Miranda rights and she agreed to waive those
10  rights. She stated that she and defendant Ochoa had taken the trolley together from Fashion Valley
11  to Tijuana where defendant Palmer picked them up in a green four door vehicle that was not the
12  vehicle in which the group attempted to cross into the United States. Thereafter, they went to eat
13  tacos, and defendant Palmer was gone for approximately twenty minutes during the meal. When
14  he returned, he was driving the black Mercedes in which the group attempted to cross into the
15  United States. Defendant Moraira also admitted that she had been apprehended in the past for
16  attempting to smuggle an alien in a gas tank compartment into the United States in her own
17  vehicle.

## II

**MOTION TO COMPEL SPECIFIC DISCOVERY AND PRESERVE EVIDENCE**

21       As of April 28, 2008, the Government has provided the defendants with 156 pages of
22  discovery including the complaint and statement of facts, report of investigation, documentation
23  regarding defendant Palmer and Moraira's prior alien smuggling apprehensions, and photographs
24  of the vehicle and other evidence. In addition to the 156 pages of discovery, the United States has
25  also provided a DVD to each defendant which contains all of their statements, as well as a copy
26  of the statement provided by the material witness on the day that the defendants were arrested.
27       With respect to the defendants' discovery motions, the Constitution requires the
28  Government to preserve evidence "that might be expected to play a significant role in the suspect's

1  defense." California v. Trombetta, 467 U.S. 479, 488 (1984). To require preservation by the
2  Government, such evidence must (1) "possess an exculpatory value that was apparent before the
3  evidence was destroyed," and (2) "be of such a nature that the Defendant would be unable to obtain
4  comparable evidence by other reasonably available means."  Id. at 489; see also Cooper v.
5  Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001).   The Government will make every effort to
6  preserve evidence it deems to be relevant and material to this case.  Any failure to gather and
7  preserve evidence, however, would not violate due process absent bad faith by the Government
8  that results in actual prejudice to the Defendant.  See Illinois v. Fisher, 540 U.S. 544 (2004) (per
9  curiam); Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322
10 F.3d 670 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

12     **(1)  Defendants' Statements** – The Government recognizes its obligation, under Rules
13 16(a)(1)(A) and 16(a)(1)(B), to provide to the defendants the substance of the defendants' oral
14 statements and defendants' written statements. (Unless otherwise noted, all references to "Rules"
15 refers to the Federal Rules of Criminal Procedure.)  The Government has produced all of the
16 defendants' statements that are known to the undersigned Assistant U.S. Attorney at this date. If
17 the Government discovers additional oral or written statements that require disclosure under Rule
18 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided to Defendant.

19     **(2)  Defendants' Prior Record** – The Government has provided the defendants with a
20 copy of their known prior criminal record and, consequently, has fulfilled its duty of discovery
21 under Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990). To
22 the extent that the Government determines that there are any additional documents reflecting the
23 defendants' prior criminal record, the Government will provide those to the defendants.

24     **(3)  Tangible Objects** – The Government has complied and will continue to comply with
25 Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine,
26 inspect, and copy tangible objects that are within its possession, custody, or control, and that is
27 either material to the preparation of the defendants' defenses, or is intended for use by the
28 Government as evidence during its case-in-chief at trial, or was obtained from or belongs to the

1  defendants.  The Government need not, however, produce rebuttal evidence in advance of trial.
2  United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

3  **(4) Expert Witnesses** – The Government will comply with Rule 16(a)(1)(G) and provide
4  the defendants with a written summary of any expert testimony that the United States intends to
5  use during its case-in-chief at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence.

6  **(5) Brady Material** – The Government has and will continue to perform its duty under
7  Brady v. Maryland, 373 U.S. 83 (1963) to disclose material exculpatory information or evidence
8  favorable to the defendants when such evidence is material to guilt or punishment.  The
9  Government recognizes that its obligation under Brady covers not only exculpatory evidence, but
10 also evidence that could be used to impeach witnesses who testify on behalf of the United States.
11 See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-
12 77 (1985).  This obligation also extends to evidence that was not requested by the defense.  Bagley,
13 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and
14 must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence
15 been disclosed to the defense, the result of the proceeding would have been different.'" Carriger
16 v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc).  The final determination of materiality is
17 based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley,
18 514 U.S. 419, 436-37 (1995).

19 Brady does not, however, mandate that the Government open all of its files for discovery.
20 See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000) (per curiam).  Under Brady, the
21 United States is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence
22 (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the
23 defendants from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995));
24 (3) evidence that the defendants already possesses (see United States v. Mikaelian, 168 F.3d 380-
25 389-90 (9th Cir. 1999) amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the
26 undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or
27 control over.  See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001).  Brady does
28 not require the United States "to create exculpatory evidence that does not exist," United States v.

Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply the defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

**(6) Arrest Reports, Notes, and Dispatch Tapes** – The Government has provided the defendants with all known reports related to the defendants' arrests in this case. The Government is not aware of the existence of any dispatch tapes relevant to this case. The Government will continue to comply with its obligation to provide to the defendants all reports subject to Rule 16. However, the Government objects to defendant Ochoa's request for all investigative materials that the executive branch has received regarding this case as outside the scope of the requirements set forth in Rule 16.

The Government has no objection to the preservation of the agents' handwritten notes. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing the defendants with a copy of the rough notes at this time. The Government is not required to produce the notes pursuant to the Jencks Act because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The notes are not Brady material because, as discussed further, the notes do not present any material exculpatory information or any evidence favorable to the defendants that is material to guilt or punishment. If, during a future evidentiary hearing, certain rough notes become particularly relevant, the notes in question will be made available to the defendants.

**(7) Evidence Seized** – The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing the defendants an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the preparation of the defendants' defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to the defendants.

**(8) Government Communication to the Defendants** – The Government is unaware of any communications between government agents, informers or anyone else acting at the direction of the Government and the defendants.

**(9) Witness Statements** – The Government is aware of its obligation to provide witness statements to the defendants where relevant, and will do so at the appropriate time.

**(10) Statements of Individuals Who Will Not be a Witness** – The Government objects to the defendants' requests for all statements made by individuals who may have information relevant to the case who the government does not intend to call as a witness. The Government is not responsible for all possible information and evidence regarding any speculative defense claimed by the defendants. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

**(11) Informants and Cooperating Witnesses** – At this time, the Government is unaware of a confidential source or informant involved in this case. The Government must generally disclose the identity of informants where (1) the informant is a material witness, or (2) the informant's testimony is crucial to the defense. Roviaro v. United States, 353 U.S. 53, 59 (1957). If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an in-chambers inspection to determine whether disclosure of the informant's identity is required under Roviaro. See United States v. Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997). Should the Government become aware of an information or confidential source being involved in this case, we will make it known to the defendants.

**(12) Bias by Informants or Cooperating Witnesses** – As discussed above, the Government is unaware of any informants or cooperating witnesses in this case.

**(13) Electronic Surveillance** – The Government is unaware of any electronic surveillance logs or transcripts concerning the defendants or any witness. All audiotape recordings of in person conversations that have been made in connection with this case and are in Government counsel's possession have been turned over to the defendant.

**(14) Information That May Result in a Lower Sentence Under the Guidelines** – The

1    Government has provided and will continue to provide the defendants with all <u>Brady</u> material that
2    may result in mitigation of the defendants' sentences.  Nevertheless, the Government is not
3    required to provide information bearing on the defendants' sentences until after the defendants'
4    convictions or guilty pleas and prior to their sentencing dates.  <u>See</u> <u>United States v. Juvenile Male</u>,
5    864 F.2d 641, 647 (9th Cir. 1988) (no <u>Brady</u> violation occurs "if the evidence is disclosed to the
6    the defendants at a time when the disclosure remains in value").

7    **(15)** **<u>404(b) Evidence</u>** – The Government will disclose in advance of trial the general
8    nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant
9    to Fed. R. Evid. 404(b).  Evidence should not be treated as "other bad acts" evidence under Fed.
10   R. Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the
11   crime charged are "inextricably intertwined."  <u>See</u> <u>United States v. Soliman</u>, 812 F.2d 277, 279
12   (9th Cir. 1987).

13   **(16)** **<u>Evidence of Bias or Motive to Lie</u>** – The Government recognizes its obligation under
14   <u>Brady</u> and <u>Giglio</u> to provide evidence that could be used to impeach Government witnesses
15   including material information regarding demonstrable bias or motive to lie.

16   **(17)** **<u>Impeachment Evidence</u>** – As previously discussed, the Government recognizes its
17   obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach
18   Government witnesses.

19   **(18)** **<u>Evidence of Criminal Investigation of Any Government Witness</u>** – As noted
20   above, the Government objects to providing any evidence that a prospective witness is under
21   criminal investigation, but will provide the conviction record, if any, which could be used to
22   impeach all witnesses the Government intends to call in its case-in-chief.

23   **(19)** **<u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth</u>**
24   **<u>Telling</u>** – The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material
25   evidence that could be used to impeach Government witnesses including material information
26   related to perception, recollection, ability to communicate, or truth telling.  The Government
27   strenuously objects to providing any evidence that a witness has ever used narcotics or other
28   controlled substance, or has ever been an alcoholic because such information  is not discoverable

1    under Rule 16, <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, or any other Constitutional or statutory disclosure
2    provision.

3    **(20) Witness Addresses** – The Government has already provided the defendants with the
4    reports containing the names, work addresses, and telephone numbers of the special agents
5    involved in this case. In its trial memorandum, the Government will provide the defendants with
6    a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a
7    witness list is not required. See <u>United States v. Discher</u>, 960 F.2d 870 (9th Cir. 1992); <u>United
8    States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987). The Government strenuously objects to
9    providing the home addresses to the defendants. In non-capital cases, the Government is not even
10   required to disclose the names of its witnesses prior to trial. <u>United States v. Dishner</u>, 974 F.2d
11   1502, 1522 (9th Cir 1992); (<u>citing</u> <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985));
12   <u>United States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996); <u>see</u> <u>also</u> <u>United States v. Bejasa</u>, 904
13   F.2d 137 (2d Cir. 1990) (holding that United States did not improperly deny the defendants access
14   to government witnesses whose telephone numbers and addresses the government refused to
15   provide because the defendant knew the identities of the government witnesses and presumably
16   knew their telephone numbers or could have contacted them through the exercise of due diligence).

17   **(21) Name of Witnesses Favorable to the Defendants** – The Government is not aware
18   of the names of any witnesses favorable to the defendants' case. If the Government discovers any
19   witnesses favorable to the defendants, the names of such witnesses will be promptly provided.

20   **(22) Jencks Act Material** – Rule 26.2 incorporates the Jencks Act, 18 U.S.C. §3500, into
21   the Federal Rules of Criminal Procedure. The Jencks Act requires that, after a Government witness
22   has testified on direct examination, the Government must give the defendants any "statement" (as
23   defined by the Jencks Act) in the Government's possession that was made by the witness relating
24   to the subject matter to which the witness testified. 18 U.S.C. §3500(b). For purposes of the Jencks
25   Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted
26   or approved by her, (2) a substantially verbatim, contemporaneously recorded transcription of the
27   witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. §3500(e).
28   If notes are read back to a witness to see whether or not the government agent correctly

1  understood what the witness was saying, that act constitutes "adoption by the witness" for purposes
2  of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg
3  v. United States, 425 U.S. 94, 98 (1976)).

4  **(23) Giglio Information and Agreements Between the Government and Witnesses**
5  An agreement that the Government makes with a witness for testimony in exchange for money or
6  in exchange for favorable treatment in the criminal justice system is generally subject to disclosure
7  as impeachment evidence under Brady and Giglio. See United States v. Kojayan, 8 F.3d 1315,
8  1322-23 (9th Cir. 1993); Benn v. Lambert, 238 F.3d 1040, 1054-60 (9th Cir. 2002). As stated
9  above, the Government will provide any Giglio information in connection with this case no later
10  than two weeks prior to trial.

11  **(24) Agreements Between the Government and Witnesses** – As noted above,
12  Government will provide any information, should there be any, no later than two weeks prior to
13  trial.

14  **(25) Personnel Records of Government Officers Involved in the Arrest** – The
15  Government objects to the defendants' requests that the Government reveal all citizen complaints,
16  and internal affair inquiries into the inspectors, officers, and special agents who were involved in
17  this case – regardless of whether the complaints or inquiries are baseless or material and regardless
18  of whether the Government intends to call inspectors, officers, and special agents to testify. As
19  previously noted, the Government will comply with Henthorn and disclose to the defendants all
20  material incriminating information regarding the testifying Government inspectors, officers, and
21  special agents.

22  **(26) Henthorn Material** – The Government will comply with United States v. Henthorn,
23  931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal
24  investigation and prosecution review the personnel files of the federal law enforcement inspectors,
25  officers, and special agents whom the Government intends to call at trial and disclose information
26  favorable to the defense that meets the appropriate standard of materiality. United States v. Booth,
27  309 F.3d 566, 574 (9th Cir. 2002) (citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir.
28  1992). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating

1  information in the personnel files is "material," the information will be submitted to the Court for
2  an in camera inspection and review.

3  **(27) Training of Relevant Law Enforcement Officers** – The Government strenuously
4  objects to providing to the defendants a copy of all policies, training instructions, and manuals
5  issued by all law enforcement agencies involved in this case. The requested policies, training
6  instructions, and manuals are irrelevant and do not fall within the scope of Rule 16, or any other
7  statutory or Constitutional disclosure provision. Even if one or more of the inspectors, officers,
8  or special agents violated his or her own administrative regulations, guidelines, or procedures, such
9  violations would not result in the exclusion of evidence if the defendants' Constitutional and
10 statutory rights were not violated in this case. United States v. Caceres, 440 U.S. 741, 744 (1979);
11 United States v. Hinton, 222 F.3d 664 (9th Cir. 2000).

12 **(28) Performance Goals and Policy Awards** – The Government strenuously objects to
13 providing the defendants with information regarding the agency standards used for measuring,
14 compensating, or reprimanding the conduct of all law enforcement officers involved in this case.
15 The requested information regarding the agency standards used for measuring, compensating, or
16 reprimanding the conduct of the law enforcement officers is irrelevant and does not fall within the
17 scope of Rule 16, exculpatory evidence under Brady, impeachment evidence under Giglio, or any
18 other authority governing disclosure.

19 **(29) TECS Reports** The Government objects to providing the defendants with complete
20 vehicle crossing reports from the Treasury Enforcement Communications System ("TECS"). To
21 begin with, the instant case is not a port case where a vehicle crossing report may be more relevant.
22 In addition, TECS reports are not subject to Rule 16© because the reports are neither material to
23 the preparation of the defense, nor intended for use by the United States as evidence during its
24 case-in-chief. The TECS reports are not Brady material because, as discussed further, the TECS
25 reports do not present any material exculpatory information or any evidence favorable to the
26 defendants that is material to guilt or punishment.

27 **(30) Report of Scientific Tests or Examinations** – The Government will provide the
28 defendants with the results of any scientific tests or examinations in this case in accordance with

1   Rule 16(F) should there be any, but non are anticipated at this time.

2   **(31) Defendant Palmer's Request to View the A-File**– The Government consents to providing all of the defendants with the discoverable material from their A-files, should they exist, and the material witness' A-file. The Government will review those files and provide any additional discovery that has not been provided to all of the defendants. However, the Government objects to the Court ordering the Government to allow the defendants Palmer to view these files absent a specific showing of relevance. Without such a showing, it appears that defendant Palmer's request is nothing more than a fishing expedition for information about the material witness. As to his own file, the defendant may make a FOIA request to receive information in the file should the defendant not be satisfied with the United States' providing of the discoverable information, if any, in the file.

**(32) Defendant Ochoa's Request for Information Regarding Undercover Operations**– The Government is not aware of any undercover operations conducted in connection with this case. Should the Government become aware of such information, the Government will disclose that information to the defendants.

**(33) Defendant Ochoa's Request for Government Expenses Incurred in the Investigation of this Case**– The Government objects to defendant Ochoa's request for information regarding receipts and expenses that the Government has incurred in the investigation of this case as being outside the scope of Rule 16. Absent a specific showing of relevance, defendant Ochoa's request should be denied.

**(34) Residual Request** – The Government has already complied with the defendants' residual request for prompt compliance with the defendants' discovery requests.

### III

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

## IV

## GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

### (1) All Evidence That The Defendants Intend To Introduce In Their Cases-In-Chief

Since the Government will honor the defendants' requests for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that the defendants permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of the defendants and which the defendants intend to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of the defendants, which they intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom the defendants intend to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

### (2) Reciprocal Jencks – Statements By Defense Witnesses (Other Than The Defendants)

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by the defendants. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that the defendants be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

# V
# **CONCLUSION**

For the foregoing reasons, the Government requests that the Court deny the defendants' motions, except where unopposed, and grant the Government's motion for reciprocal discovery.

DATED: May 16, 2008

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        /s/ *Caroline P. Han*
                                        CAROLINE P. HAN
                                        Assistant United States Attorney
                                        Attorneys for Plaintiff
                                        United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICARDO PALMER (1),<br>JANEEN OCHOA (2),<br>ANNABELLA MORAIRA (3),<br><br>Defendants. | Criminal Case No. 08CR1193-DMS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION TO THE DEFENDANTS' MOTIONS FOR DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Michelle Betancourt
Michael Crowley
Michael Messina
*Attorneys for the defendants*

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2008.

/s/ *Caroline P. Han*
_____
CAROLINE P. HAN